Jaren Wieland, ISB 8265
**MOONEY WIELAND WARREN**
512 W. Idaho Street, Suite 103
Boise, Idaho 83702
Tel.: (208) 401-9219
Email: jaren.wieland@mooneywieland.com

*Liaison Counsel for Carl Douglas Neale and [Proposed]*
*Liaison Counsel for the Class*

Adam M. Apton
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 17th Floor
New York, N.Y. 10004
Tel. (212) 363-7500
Fax: (212) 363-7500
Email: apton@zlk.com

*Lead Counsel for Carl Douglas Neale and [Proposed]*
*Lead Counsel for the Class*

### UNITED STATES DISTRICT COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| FRANCISCO BARNES, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>PERPETUA RESOURCES CORP., JONATHAN CHERRY, and JESSICA LARGENT,<br><br>   Defendants. | Case No.: 1:25-cv-00160-DKG<br><br>**MEMORANDUM OF LAW IN SUPPORT OF CARL DOUGLAS NEALE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |

**TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ................................................................................................ 1

STATEMENT OF FACTS ................................................................................................... 2

PROCEDURAL HISTORY.................................................................................................. 3

ARGUMENT ...................................................................................................................... 3

    A.       Movant's Appointment as Lead Plaintiff Is Appropriate. ...................................... 3

        1.      The Procedure Required by the PSLRA .................................................... 3

        2.      Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure. ............................................................................................... 6

    B.       Approval of Movant's Choice of Counsel Is Appropriate...................................... 9

CONCLUSION.................................................................................................................. 10

## TABLE OF AUTHORIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
  No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ................... 5

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ................................................................................... 1, 5, 6, 7

*Crawford v. Honig,*
  37 F.3d 485 (9th Cir. 1994) ................................................................................................. 8

*Deering v. Galena Biopharma, Inc.*,
  Case Nos. 3:14-cv-00367-SI, et. al., 2014 U.S. Dist. LEXIS 140766 (D. Or. Oct. 3, 2014) ... 4

*In re Drexel Burnham Lambert Grp.*,
  960 F.2d 285 (2d Cir. 1992)................................................................................................. 8

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ......................................................................................... 7

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147 (1982)............................................................................................................. 7

*Gold v. Lumber Liquidators, Inc.,*
  323 F.R.D. 280 (N.D. Cal. 2017)......................................................................................... 7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................................................. 7

*Haung v. Acterna Corp.,*
  220 F.R.D. 255 (D. Md. 2004)............................................................................................. 7

*Hessefort v. Super Micro Computer, Inc,*
  317 F.Supp.3d 1056 (N.D. Cal. 2018) ................................................................................. 6

*Johnson v. OCZ Tech. Grp.*,
  2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) .................................................... 1, 4

*In re LendingClub Sec. Litig.,*
  282 F.Supp.3d 1171 (N.D. Cal. 2017) ............................................................................. 7, 8

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998)............................................................................................. 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) .......................................................................................... 7

*Robidoux v. Celani,*
    987 F.2d 931 (2d Cir. 1993)..................................................................................... 7

*Veal v. LendingClub Corporation,*
    2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ........................................................... 6

**Statutes**

15 U.S.C. § 78u-4 ..........................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23(a) .................................................................................... 1, 6, 7, 8

## SUMMARY OF ARGUMENT

Movant Carl Douglas Neale ("Movant") respectfully submits the following argument in support of his Motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, for: (1) appointment as Lead Plaintiff; and (2) approval of his selection of counsel on behalf of all investors who purchased or otherwise acquired Perpetua Resources Corp. ("Perpetua" or the "Company") securities between April 17, 2024 to February 13, 2025, inclusive (the "Class" who purchased during the "Class Period"). Movant seeks to recover damages under and pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Defendants Perpetua, Jonathan Cherry ("Cherry"), and Jessica Largent ("Largent") (collectively "Defendants").

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant lost approximately $348.55 in losses recoverable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005) using a last-in-first-out ("LIFO") analysis. *Johnson v. OCZ Tech. Grp.*, No. 12-cv-05265-RS, 2013 U.S. Dist. LEXIS 1610, at *7 (N.D. Cal. Jan. 4, 2013).[1] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class. As such, Movant meets the

---

[1] Movant's certification identifying his transactions in Perpetua, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of Jaren Wieland ("Wieland Decl."), as Exhibits A and B, respectively.

requirements of the PSLRA for appointment as Lead Plaintiff. In addition, Movant's selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Mooney Wieland Warren ("MWW") as Liaison Counsel should be approved, as these firms have substantial expertise and experience in securities and class action litigation.

### STATEMENT OF FACTS[2]

Perpetua is a development-stage company engaged in acquiring mining properties to move them into production where warranted. ¶ 20.

The statements in Paragraphs 22 to 25 of the *Barnes* Complaint were false and/or materially misleading. ¶ 26. Defendants created the false impression that they possessed reliable information pertaining to the increase in initial capital expense for the Stibnite Gold Project while also minimizing the risk from the impact of inflation. *Id.* In truth, Perpetua's suggestion of a mere 10% to 20% increase in cost fell well short of reality; the true impact of inflation, increased costs, and, most importantly, decisions management made resulted in a drastic increase in the initial capital expenditure required for the Stibnite Gold Project. *Id.*

On February 13, 2025, after the market closed, Defendants published a Form 8-K detailing the updated cash flow model for the Stibnite Gold Project. In pertinent part, Defendants indicated significant increases in the overall initial capital expenses for the Stibnite Gold Project. ¶ 27.

The aforementioned press releases and statements made by the Individual Defendants are in direct contrast to statements they made during the April 17, 2024, and May 16, 2024, shareholder calls and during the November 18, 2024, public offering and prospectus supplement. ¶ 28. In those

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Barnes* Complaint") filed in the action styled *Barnes v. Perpetua Resources Corp., et al.*, Case No. 1:25-cv-00160-DKG (the "*Barnes* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Barnes* Complaint. The facts set forth in the *Barnes* Complaint are incorporated herein by reference.

publications, Defendants minimized the impact of inflation and other potential sources of increased initial capital expenses for the Stibnite Gold Project and/or otherwise failed to disclose to investors decisions the Company had made or was contemplating which might impact said costs. *Id.*

Investors and analysts reacted immediately to Perpetua's revelation. ¶ 29. The price of Perpetua's common stock declined dramatically. *Id.* From a closing market price of $11.97 per share on February 13, 2025, Perpetua's stock price fell to $9.29 per share on February 14, 2025, a decline of about 22.39% in the span of just a single day. *Id.*

## PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Barnes* Action against the Defendants. Plaintiff Francisco Barnes ("Barnes") commenced the first-filed action on March 21, 2025. On that same day, Levi & Korsinsky, counsel acting on Francisco Barnes' behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Wieland Decl., Ex. C (the "Notice").

## ARGUMENT

### A. Movant's Appointment as Lead Plaintiff Is Appropriate.

#### 1. The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead

plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *4 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action. *See Deering v. Galena Biopharma, Inc.*, Case Nos. 3:14-cv-00367-SI, et. al., 2014 U.S. Dist. LEXIS 140766, at *7-8 (D. Or. Oct. 3, 2014).

4

### a. Movant Is Willing to Serve as Class Representative.

On March 21, 2025, pursuant to Section 21D(a)(3)(A) of the Exchange Act , the Notice of the pendency of the *Barnes* Action was published on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants, herein, and advising purchasers of Perpetua securities that they had until May 20, 2025 to file a motion to be appointed as lead plaintiff.

Movant filed this motion pursuant to the Notice and within the 60-day period following publication. Movant has also submitted a sworn certification attesting to his purchases of Perpetua securities and stating that he is willing to serve as Class representative and to provide testimony at deposition and trial, if necessary. *See* Wieland Decl., Ex. A. By making a timely motion in response to a published PSLRA notice, Movant satisfies the first PSLRA requirement to be lead plaintiff. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6.

### b. Movant Has the Largest Financial Interest in the Relief Sought by the Class.

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Wieland Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased Perpetua shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a

substantial loss of approximately $348.55 under a LIFO and *Dura* LIFO analysis. *See* Wieland Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the classFED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves

for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### c. Movant's Claims Is Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because his claims result from: (i) the same injuries as the absent class members; (ii) the same course of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claim is identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Perpetua securities during the Class Period and was damaged

thereby. Thus, Movant's claim is typical, if not identical, to those of the other members of the Class because the losses Movant seeks to recover is similar to those of other Class members and his losses results from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### d. Movant Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interest of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1993) (citation omitted).

Movant's interest is clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interest and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss he suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for approximately five years. He resides in Sai Kung, Hong Kong, China, and is a Licensed Aircraft Maintenance Engineer. Movant is currently employed as an Aircraft

Maintenance Duty Manager for an aircraft maintenance team. Further, Movant has experience overseeing attorneys, as he has hired attorneys for family and real estate matters. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Wieland Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the outcome of the Action as a result of the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

**B. Approval of Movant's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has retained Levi & Korsinsky to serve as Lead Counsel and MWW to serve as Liaison Counsel on behalf of the Class in the event he is appointed as lead plaintiff. As reflected in the accompanying firm résumés, Levi & Korsinsky and MWW possess extensive experience and expertise in securities litigation, have the necessary resources to efficiently and effectively prosecute the Action, and have successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Wieland Decl., Ex. E. Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court grant his motion and enter an Order: (1) appointing Movant as Lead Plaintiff; (2) approving Movant's selection of Levi & Korsinsky as Lead Counsel and MWW as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: May 20, 2025                                      Respectfully submitted,

**MOONEY WIELAND WARREN**

*/s/ Jaren Wieland*
Jaren Wieland, ISB 8265
512 W. Idaho Street, Suite 103
Boise, Idaho 83702
Tel.: (208) 401-9219
Email: jaren.wieland@mooneywieland.com

*Liaison Counsel for Carl Douglas Neale and*
*[Proposed] Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Carl Douglas Neale and*
*[Proposed] Lead Counsel for the Class*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, May 20, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Jaren Wieland*
Jaren Wieland
