RAMSDEN, MARFICE, EALY & DE SMET, LLP
700 Northwest Blvd.
P.O. Box 1336
Coeur d'Alene, ID 83816-1336
Telephone: (208) 664-5818
Facsimile: (208) 664-5884
Marcus E. Johnson, ISB #10350
mjohnson@rmedlaw.com

*Counsel for Movant David Wallentine
and Proposed Liaison Counsel for the
Class*

*[Additional counsel on signature page]*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANCISCO BARNES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PERPETUA RESOURCES CORP., JONATHAN CHERRY, and JESSICA LARGENT,<br><br>Defendants. | Case No.  1:25-cv-00160-DKG<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAVID WALLENTINE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT ............................................................................................................................. 3

      I.      WALLENTINE SHOULD BE APPOINTED LEAD PLAINTIFF ....................... 3

            A.     Wallentine Is Willing to Serve as Class Representative and Has Timely Filed This Motion to Be Appointed Lead Plaintiff ..................................... 4

            B.     Wallentine Has the "Largest Financial Interest" ........................................ 5

            C.     Wallentine Otherwise Satisfies the Requirements of Rule 23 .................... 6

            D.     Wallentine Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ........................................ 9

      II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .............................................................................................. 9

CONCLUSION ........................................................................................................................ 11

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Bricklayers of W. Pennsylvania Pension Plan v. Hecla Min. Co.*,
  No. 2:12-CV-00042-BLW, 2012 WL 2872787 (D. Idaho July 12, 2012)................................7

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018) ....................................................................................6

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)......................................................................................................5

*In re Comverse Tech., Inc. Sec. Litig.*,
  No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ...................5, 10

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..........................................................................................5

*In re Solar City Corp. Sec. Litig.*,
  No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) .....................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ..............................................................................................9

*Knox v. Yingli Green Energy Holding Co.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) .................................................................................5, 6

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997).......................................................5

*Nicolow v. Hewlett Packard Co.*,
  No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) .........................................5, 6

*Osher v. Guess?, Inc.*,
  No. CV01-00871LGB(RNBX) 2001 WL 861694 (C.D. Cal. Apr. 26, 2001) ..........................9

*Richardson v. TVIA, Inc.*,
  No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)....................................7

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ..................................................................................................... 8

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................................... *passim*

Securities Exchange Act of 1934........................................................................................ 1, 5, 7

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

David Wallentine ("Wallentine") respectfully submits this memorandum of law in support of his motion pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Wallentine as Lead Plaintiff on behalf of a class (the "Class") consisting of all investors who purchased or otherwise acquired Perpetua Resources Corp. ("Perpetua" or the "Company") securities between April 17, 2024, to February 13, 2025, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Ramsden, Marfice, Ealy & De Smet, LLP ("RMED") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.  Perpetua investors, including Wallentine, incurred significant losses following the disclosures of the alleged fraud, which caused Perpetua's share price to fall sharply, damaging Wallentine and other Perpetua investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the Class Period, Wallentine purchased 3,599 Perpetua options contracts, expended $1,014,445 on these purchases, retained 3,474 open Perpetua options contracts, and as a result of the disclosures of the alleged fraud, incurred losses of approximately $62,586 calculated on a first-in, first-out ("FIFO") basis, or $63,866 calculated on a last-in, first-out ("LIFO") basis, in connection with his Class Period transactions in Perpetua securities.  *See* Declaration of Marcus

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAVID WALLENTINE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 1

E. Johnson in Support of Motion ("Johnson Decl."), Exhibits ("Exs.") A-B.  Accordingly, Wallentine believes that he has the largest financial interest in the relief sought in this litigation. Beyond his considerable financial interest, Wallentine also meets the applicable requirements of Rule 23 because his claims are typical of those of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute this litigation on behalf of the Class, Wallentine has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  Additionally, Wallentine has selected RMED, which has significant experience in complex and class action litigation, as well as extensive familiarity with the Local Rules and practice norms of this District, to serve as Liaison Counsel for the Class.

Accordingly, Wallentine respectfully requests that the Court enter an Order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel and RMED as Liaison Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Defendants provided investors with material information concerning Perpetua's expected initial capital expenditure for the Stibnite Gold Project.  Defendants' statements included, among other things, minimization of the impact of inflation and other potential sources for increased capital expenditure costs for the project.

Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the true cost of the Stibnite Gold Project; notably, the true impact of

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAVID WALLENTINE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 2

inflation and undisclosed decisions Defendants had made or were otherwise contemplating which had resulted in a drastic increase in projected initial capital expense.  Such statements absent these material facts caused the plaintiff in the Action and other shareholders to purchase Perpetua's securities at artificially inflated prices.

On February 13, 2025, Perpetua published an updated cash flow model for the Stibnite Gold Project, unveiling additional capital expenses of $952 million, a more than 75% increase from the original figures presented to investors and well beyond the suggested 10-20% increase contemplated by Defendants.  The Company attributed these increased costs to inflation, indirect costs, higher mining costs, and direct decisions Defendants made with respect to the project, including the choice to change the design of the electrical poles from timber to steel and the decision to "buy-and-build instead of lease the oxygen plant."

Investors and analysts reacted immediately to Perpetua's revelation.  The price of Perpetua's common stock declined dramatically.  From a closing market price of $11.97 per share on February 13, 2025, Perpetua's stock price fell to $9.29 per share on February 14, 2025, a decline of about 22.39% in the span of just a single day.

## ARGUMENT

## I.    WALLENTINE SHOULD BE APPOINTED LEAD PLAINTIFF

Wallentine should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAVID WALLENTINE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 3

Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Wallentine satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A. Wallentine Is Willing to Serve as Class Representative and Has Timely Filed This Motion to Be Appointed Lead Plaintiff

On March 21, 2025, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Perpetua and other defendants, and advising investors in Perpetua securities that they had until May 20, 2025—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Johnson Decl., Ex. C.

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAVID WALLENTINE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 4

Wallentine has timely filed the instant motion pursuant to the Notice, and he has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. B. Accordingly, Wallentine satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.    Wallentine Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Wallentine has the largest financial interest of any Perpetua investor or investor group seeking to serve as lead plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted and routinely applied by courts in the Ninth Circuit. *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (same). Of the *Lax* factors, courts in the Ninth Circuit tend to emphasize approximate loss in assessing a lead plaintiff

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAVID WALLENTINE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 5

movant's financial interest within the meaning of the PSLRA.  *See Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 WL 792642, at *4.

During the Class Period, Wallentine: (1) purchased 3,599 Perpetua options contracts; (2) expended $1,014,445 on these purchases; (3) retained 3,474 open Perpetua options contracts; and (4) as a result of the disclosures of the alleged fraud, incurred losses of approximately $62,586 calculated on a FIFO basis, or $63,866 calculated on a LIFO basis, in connection with his Class Period transactions in Perpetua securities.  *See* Johnson Decl., Exs. A-B.  To the extent that Wallentine possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**C.    Wallentine Otherwise Satisfies the Requirements of Rule 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.  *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018).  "This showing need not be as thorough as what would be required on a class certification motion and

only needs to satisfy typicality and adequacy." *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017); *see also Bricklayers of W. Pennsylvania Pension Plan v. Hecla Min. Co.*, No. 2:12-CV-00042-BLW, 2012 WL 2872787, at *5 (D. Idaho July 12, 2012) (assessing whether lead plaintiff movants have shown they "satisfy the requirements of Rule 23(a), in particular those of typicality and adequacy[,]" and finding "this need only be a preliminary showing at this initial stage of the litigation"). Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Wallentine.

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)); *see also Hecla*, 2012 WL 2872787, at *5 (finding typicality "is satisfied when the lead plaintiff's alleged injuries arise from 'the same course of conduct complained of by the other plaintiffs and his causes of actions are founded on similar legal theories'" (quoting *Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007))).

Wallentine's claims are typical of those of the Class. Wallentine alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Perpetua, or by omitting to state material facts necessary to make the statements they did make not misleading. Wallentine, like other Class members, purchased or otherwise acquired Perpetua securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or

omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Perpetua's share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Wallentine is an adequate representative for the Class.  As set forth in greater detail below, in Pomerantz and RMED, Wallentine has retained counsel highly experienced in vigorously and efficiently prosecuting securities cases and class actions such as this Action, and submits his choice of Pomerantz and RMED to the Court for approval as Lead Counsel and Liaison Counsel, respectively, for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz and RMED, Wallentine is also represented by The Schall Law Firm in this Action.  There is no evidence of antagonism or conflict between Wallentine's interests and those of the Class. Moreover, Wallentine has submitted a sworn Certification declaring his commitment to protect the interests of the Class (*see* Johnson Decl., Ex. B), and his significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further demonstrating his adequacy, Wallentine has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead

Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See id.*, Ex. D.

### D. Wallentine Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring Wallentine's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Wallentine's ability and desire to fairly and adequately represent the Class has been discussed above. Wallentine is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Wallentine should be appointed Lead Plaintiff for the Class.

## II. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel for the class, subject to the approval of the Court. *See id.* § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with a lead plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher*, 2001 WL 861694, at *4; *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (internal quotation marks omitted)).

Here, Wallentine has selected Pomerantz as Lead Counsel and RMED as Liaison Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Johnson Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

RMED is also well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, RMED maintains an office in Coeur d'Alene, Idaho, and the firm specializes in class action matters, among other practice areas. *See id.*, Ex. F. RMED's attorneys have considerable experience in class action and complex federal litigation, and they have extensive familiarity with the Local Rules and practice norms of this District. *See id.*

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Wallentine's counsel, Pomerantz and RMED, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute this Action effectively and

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAVID WALLENTINE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 10

expeditiously.    Thus, the Court may be assured that by approving Wallentine's selection of Pomerantz as Lead Counsel and RMED as Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Wallentine respectfully requests that the Court issue an Order: (1) appointing Wallentine as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel and RMED as Liaison Counsel for the Class.

Dated:  May 20, 2025

RAMSDEN,  MARFICE,  EALY  &  DE SMET, LLP

*/s/ Marcus E. Johnson*
Marcus E. Johnson, of the Firm
*Counsel for Movant David Wallentine and Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movant David Wallentine and Proposed Lead Counsel for the Class*

THE SCHALL LAW FIRM
Brian Schall
(*pro hac vice* application forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Movant David Wallentine*

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAVID WALLENTINE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of May, 2025, I served a true and correct copy of the foregoing on counsel of record via the United States District Court for the District of Idaho's CM/ECF system.

By:    */s/ Marcus E. Johnson*
            Marcus E. Johnson