Jeffrey S. Beelaert, ISB No. 12384
Preston N. Carter, ISB No. 8462
Morgan D. Goodin, ISB No. 11184
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, Idaho 83701-2720
Telephone: (208) 388-1200
Fax: (208) 388-1300
jbeelaert@givenspursley.com
prestoncarter@givenspursley.com
morgangoodin@givenspursley.com

B. Warren Pope (*pro hac vice* application forthcoming)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com

Jared Lax (*pro hac vice* application forthcoming)
KING & SPALDING LLP
1401 Lawrence Street, Ste 1900
Denver, Colorado 80202
Telephone: (720) 535-2320
Fax: (720) 535-2400
jlax@kslaw.com

Narisa Abhasakun (*pro hac vice* application forthcoming)
KING & SPALDING LLP
50 California Street
San Francisco, California 94111
Telephone: (415) 318-1282
Fax: (415) 318-1300
nabhasakun@kslaw.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANCISCO BARNES, Individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PERPETUA RESOURCES CORP., JONATHAN CHERRY, and JESSICA LARGENT,<br><br>Defendants. | Civil Action no. 1:25-cv-00160-DKG<br><br>DEFENDANTS' CONSOLIDATED RESPONSE TO MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL [DKT NOS. 15 AND 16] |

Defendants Perpetua Resources Corp., Johnathan Cherry, and Jessica Largent (collectively, "Defendants"), submit this consolidated response to the motions for appointment as lead plaintiff and approval of choice of counsel (Dkt. Nos. 15 and 16) and state as follows:

**I.      The PSLRA Imposes A Statutory Deadline Of June 19, 2025 For The Court To Appoint A Lead Plaintiff.**

Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the "court shall consider" motions made by purported class members for lead plaintiff appointment, and "shall appoint" the lead plaintiff no later than 90 days after publication of notice of the suit.  15 U.S.C. § 78u-4(a)(3)(B)(i).  Because publication of notice of this suit occurred on March 21, 2025 (*see*, *e.g.*, Dkt. No. 16-5 at 2-3), the statutory deadline for appointing Lead Plaintiff in this action is therefore June 19, 2025.

**II.     Defendants Take No Position On Lead Plaintiff Appointment But Reserve All Defenses To Class Certification Under Federal Rule Of Civil Procedure 23.**

As an initial matter, Defendants strongly dispute the allegations of wrongdoing in the Complaint (*see* Dkt. No. 1), many of which are parroted in the memoranda filed in support of the lead plaintiff motions.  Defendants intend to seek dismissal of all claims at the appropriate time.

Defendants typically do not play a role in the process for appointment of lead plaintiff and approval of counsel.  *See* 15 U.S.C. § 78u-4(a)(3)(B).[1]  By taking no position

---

[1] The PSLRA employs a rebuttable presumption that the lead plaintiff will be the applicant with the largest claimed financial loss.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Based on the claimed losses in the lead plaintiff motions, the presumed lead plaintiff is, therefore, Mr. Wallentine.  *See* Dkt. No. 16-1 at 1, 6 (alleging a loss greater than that of Mr. Neale, the other lead plaintiff applicant, whose claimed loss is alleged at Dkt. No. 15-1 at 1).

on the selection of a lead plaintiff and lead counsel, however, Defendants do not waive—

but expressly reserve—their rights under Federal Rule of Civil Procedure 23 to develop a

record and oppose any future motion for class certification on any and all grounds,

including, without limitation, that the claims of the appointed lead plaintiff and defenses to

which it may be subject are not typical of the class, and that the appointed lead plaintiff

and/or its chosen counsel will not fairly and adequately protect the interests of the class.

*See Bricklayers of W. Pennsylvania Pension Plan v. Hecla Min. Co.*, 2012 WL 2872787, at

*3 (D. Idaho July 12, 2012) (finding that "the burden to demonstrate compliance with Rule

23 is more relaxed" at the preliminary appointment stage); *see also Gluck v. Cellstar

Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) ("Evidence regarding the requirements of

Rule 23 will, of course, be heard in full at the class certification hearing.  There is no need

to require anything more than a preliminary showing at [the lead plaintiff] stage.")

Dated: May 27, 2025.

GIVENS PURSLEY LLP                                  KING & SPALDING LLP

By ____*/s/ Jeffrey S. Beelaert*_____
   Jeffrey S. Beelaert                              B. Warren Pope (*pro hac vice*
   Preston N. Carter                                forthcoming)
   Morgan D. Goodin                                 Jared Lax (*pro hac vice* forthcoming)
   *Attorneys for Defendants Perpetua               Narisa Abhasakun (*pro hac vice*
   Resources Corp., Johnathan Cherry,               forthcoming)
   and Jessica Largent*                             *Attorneys for Defendants Perpetua
                                                     Resources Corp., Johnathan Cherry, and
                                                     Jessica Largent*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, I caused to be filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a notification of such filing

to all registered CM/ECF participants.

Jaren Wieland
jaren.wieland@mooneywieland.com
*Lead Counsel for Carl Douglas Neale
and [Proposed] Liaison Counsel for the
Class*

Marcus E. Johnson
mjohnson@rmedlaw.com
*Counsel for Movant David Wallentine
and Proposed Liaison Counsel for the
Class*

Adam M. Apton
aapton@zlk.com
*Lead Counsel for Carl Douglas Neale and
[Proposed] Liaison Counsel for the Class*

 /s/ Jeffrey S. Beelaert
Jeffrey S. Beelaert