Jeffrey S. Beelaert, ISB No. 12384
Preston N. Carter, ISB No. 8462
Morgan D. Goodin, ISB No. 11184
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, Idaho 83701-2720
Telephone: (208) 388-1200
Fax: (208) 388-1300
jbeelaert@givenspursley.com
prestoncarter@givenspursley.com
morgangoodin@givenspursley.com

B. Warren Pope (Admitted *Pro Hac Vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com

Jared Lax (Admitted *Pro Hac Vice*)
KING & SPALDING LLP
1401 Lawrence Street, Ste 1900
Denver, Colorado 80202
Telephone: (720) 535-2320
Fax: (720) 535-2400
jlax@kslaw.com

Narisa Abhasakun (Admitted *Pro Hac Vice*)
KING & SPALDING LLP
50 California Street
San Francisco, California 94111
Telephone: (415) 318-1282
Fax: (415) 318-1300
nabhasakun@kslaw.com

*Attorneys For Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANCISCO BARNES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PERPETUA RESOURCES CORP., JONATHAN CHERRY, and JESSICA LARGENT,<br><br>Defendants. | Case No. 1:25-cv-00160-DKG<br><br>**MEMORANDUM IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE** |

On a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), courts may consider the complaint in its entirety, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Federal Rule of Evidence 201 allows courts to take judicial notice of facts that are "not subject to reasonable dispute." "Most commonly, judicial notice occurs with adjudicative facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Bonner Cnty. v. Little*, 2020 WL 8225362, at *1 (D. Idaho Dec. 9, 2020) (internal quotations omitted) (granting request for judicial notice because "the Court can reasonably presume the document is a public record whose accuracy cannot reasonably be questioned").

Courts in this Circuit and District have consistently held that judicial notice may be taken of documents made available to the public, including filings with the SEC. *See*, *e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049 (9th Cir. 2008) (district court could take judicial notice of corporate defendants' filings with the SEC); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (court "may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings"); *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (taking judicial notice of the Company's "filings with the SEC; transcripts of calls with, or presentations to, analysts and investors; publications of Defendants' statements; and historical stock price data" and noting that "[c]ourts routinely take judicial notice of these types of documents for the purpose of determining what information was available to the market"); *In re Atlas Mining Co., Sec. Litig.*, 670 F. Supp. 2d 1128, 1139 (D. Idaho 2009) ("Public documents that are required to be filed and are actually filed with the Securities Exchange Commission may be judicially noticed when deciding a motion to dismiss, even if the filings are

not cited in the complaint."). As the court notes in *Atlas Mining*, "[w]hen the movant's submissions are those that have been publicly filed with the SEC, the plaintiff has notice and an opportunity to rely upon those submissions in forming the allegations in his complaint, so the necessity of giving notice to the nonmovant has already been satisfied." 670 F. Supp. 2d at 1139.

Here, all of the documents submitted by Defendants were either filed with the SEC or were made available to Perpetua's investors and the public. Exhibits 1, 4, and 6 are filings Perpetua made with the SEC. Exhibits 10 and 11 are written presentations that accompanied and were referenced in the oral remarks made during the investor calls that Plaintiffs incorporate and extensively rely on in their Amended Complaint. These presentations were made available to the public at large, including Perpetua's investors. Finally, Exhibit 16 is a screenshot of a publicly available digital archive of Perpetua's website as of January 23, 2022. These documents are not being provided for the truth of their contents; rather, they are being provided to show information that was available to Perpetua's investors. *See Splunk*, 592 F. Supp. 3d at 930.

Accordingly, Defendants respectfully request that their Request for Judicial Notice be granted.

Respectfully submitted, this 30th day of September, 2025.

Memorandum in Support of Request for Judicial Notice

<div style="display: flex;">
<div style="width: 50%;">

**GIVENS PURSLEY LLP**

*/s/ Preston N. Carter*

Jeffrey S. Beelaert
Preston N. Carter
Morgan D. Goodin
601 West Bannock Street
P.O. Box 2720
Boise, Idaho 83702
Telephone: (208) 388-1218

**KING & SPALDING LLP**

Jared Lax (Admitted *Pro Hac Vice*)
1401 Lawrence Street
Unit 1900
Denver, Colorado 80202
Telephone: (720) 535-2300
Facsimile: (720) 535-2400
jlax@kslaw.com

</div>
<div style="width: 50%;">

**KING & SPALDING LLP**

B. Warren Pope (Admitted *Pro Hac Vice*)
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
wpope@kslaw.com

Narisa Abhasakun (Admitted *Pro Hac Vice*)
50 California Street
San Francisco, California 94111
Telephone: (415) 969-0253
Facsimile: (415) 318-1300
nabhasakun@kslaw.com

*COUNSEL FOR DEFENDANTS PERPETUA
RESOURCES CORP., JONATHAN CHERRY,
AND JESSICA LARGENT*

</div>
</div>

3

Memorandum in Support of Request for Judicial Notice