Jaren Wieland, ISB 8265
MOONEY WIELAND WARREN
512 W. Idaho Street, Suite 103
Boise, Idaho 83702
Tel.: (208) 401-9219
Email: Jaren.wieland.service@mooneywieland.com

*Liaison Counsel for Plaintiffs and the Class*

*[Additional counsel on signature page]*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANCISCO BARNES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PERPETUA RESOURCES CORP., JONATHAN CHERRY, and JESSICA LARGENT,<br><br>Defendants. | Case No.  1:25-cv-00160-DKG<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>**CLASS ACTION** |

**TABLE OF CONTENTS**

I.    INTRODUCTION  ...................................................................................................................1

II.    LEGAL STANDARD .............................................................................................................4

III.    ARGUMENT ........................................................................................................................8

        A.      Exhibits 8 and 9 Contain Improper Argument in Violation of the Page Limits .... 8

        B.      Exhibits 1, 4, 6, 9-1, 9-2, 9-4, 10, 11 and 16 Are Neither Incorporated by Reference in the Complaint nor Proper Subjects of Judicial Notice  ................... 11

        C.      Consideration of Exhibits 2, 3, 5, 7, 9-3, 9-5, 9-6, 9-7, 12, 13, 14, 15 and 17, *If Any*, is Limited to their Existence and Not for the Truth of their Contents ......... 16

IV.    CONCLUSION .....................................................................................................................18

# TABLE OF AUTHORITIES

**Cases**                                                                                        **Page(s)**

*Advanced BioTech, LLC v. BioWorld USA, Inc.*,
   2020 WL 5797929 (E.D. Cal. Sept. 29, 2020)........................................................................17

*Anderson v. Aurora Twp.*,
   1997 WL 802099 (N.D. Ill. Dec. 29, 1997)............................................................................11

*Barnett v. Clark Cnty. Sch. Dist.*,
   2023 WL 6048796 (D. Nev. Sept. 14, 2023) ............................................................................8

*Belodoff v. Netlist, Inc.*,
   2008 WL 2356699 (C.D. Cal. May 30, 2008) ........................................................................13

*Blake v. Canoo Inc.*,
   2022 WL 22919489 (C.D. Cal. July 19, 2022)....................................................................7, 12

*Callen v. Resonant Inc.*,
   709 F.Supp.3d 1021 (C.D. Cal. 2023) ....................................................................................16

*Capaci v. Sports Research Corp.*,
   445 F.Supp.3d 607 (C.D. Cal. Mar. 26, 2020).......................................................................12

*Cederberg v. Washington Cnty. Consol. Commc'ns Agency*,
   2019 WL 2929505 (D. Or. July 8, 2019).................................................................................16

*Christina Alexandria C. v. Kijakazi*,
   2022 WL 603032 (D. Idaho Mar. 1, 2022) ...............................................................................2

*City of Emeryville v. Robinson*,
   621 F.3d 1251 (9th Cir. 2010) ..................................................................................................2

*Coto Settlement v. Eisenberg*,
   593 F.3d 1031 (9th Cir. 2010) ..................................................................................................6

*Cottle v. Plaid Inc.*,
   536 F. Supp. 3d 461 (N.D. Cal. 2021) ....................................................................................16

*Craig Frazier Design, Inc. v. Zimmerman Agency LLC*,
   2010 WL 3790656 (N.D. Cal. Sep. 27, 2010) ..........................................................................4

*DalPoggetto v. Wirecard AG*,
   2020 WL 2374948 (C.D. Cal. Apr. 15, 2020) ........................................................................16

*Davis v. HSBC Bank NV, N.A.*,
   691 F.3d 1152 (9th Cir. 2012) ................................................................................................17

*Davis v. Novastar Mortg., Inc.*,
    408 F.Supp.2d 811 (W.D. Mo. 2005) ...............................................................................10

*Estate of Saunders v. C.I.R.*,
    745 F.3d 953 (9th Cir. 2014) .............................................................................................2

*Exec. Leasing Corp. v. Banco Popular de Puerto Rico*,
    48 F.3d 66 (1st Cir. 1995).................................................................................................9

*Felipe v. Playstudios Inc.*,
    2024 WL 1380802 (D. Nev. Mar. 31, 2024) ..............................................................12, 18

*Ferreira v. Funko Inc.*,
    2021 WL 8820650 (C.D. Cal. Oct. 22, 2021)..................................................................13

*Gerritsen v. Warner Bros. Ent. Inc.*,
    112 F. Supp. 3d 1011 (C.D. Cal. 2015) .............................................................................8

*Guzman-Ruiz v. Hernandez-Colon*,
    406 F.3d 31 (1st Cir. 2005)..............................................................................................12

*Hall v. Johnson & Johnson*,
    2019 WL 7207491 (D.N.J. Dec. 27, 2019)......................................................................13

*Hollander v. Am. Cyanamid Co.*,
    172 F.3d 192 (2d Cir. 1999)...............................................................................................9

*Hsu v. Puma Biotechnology, Inc.*,
    213 F.Supp.3d 1275 (C.D. Cal. 2016) ...............................................................................4

*In re Acadia Pharms. Inc. Sec. Litig.*,
    2020 WL 2838686 (S.D. Cal. June 1, 2020).....................................................................10

*In re Apple Inc. Sec. Litig.*,
    678 F.Supp.3d 1147 (N.D. Cal. 2023) .............................................................................16

*In re BioVie Inc. Sec. Litig.*,
    2025 WL 947667 (D. Nev. Mar. 27, 2025) ......................................................................14

*In re CV Therapeutics, Inc.*,
    2004 WL 1753251 (N.D. Cal. Aug. 5, 2004) ...................................................................13

*In re Genius Brands Int'l, Inc. Sec. Litig.*,
    763 F.Supp.3d 1027 (C.D. Cal. 2025) ...............................................................................2

*In re McKesson HBOC, Inc. Sec. Litig.*,
    126 F.Supp.2d 1248 (N.D. Cal. 2000) ...............................................................................4

*In re NVIDIA Corp. Sec. Litig.*,
    768 F.3d 1046 (9th Cir. 2014) ...............................................................................................3

*In re Omnicare, Inc. Sec. Litig.*,
    769 F.3d 455 (6th Cir. 2014) .................................................................................................7

*In re PTC Therapeutics, Inc. Sec. Litig.*,
    2017 WL 3705801 (D.N.J. Aug. 28, 2017) .........................................................................13

*Jiangchen v. Rentech, Inc.*,
    2017 WL 10363990 (C.D. Cal. Nov. 20, 2017)...................................................................10

*Kasilingam v. Tilray, Inc.*,
    2024 WL 4350118 (S.D.N.Y. Sept. 30, 2024)....................................................................12

*Khoja v. Orexigen Therapeutics, Inc.*,
    498 F.Supp.3d 1296 (S.D. Cal. 2020)...................................................................................2

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ...................................................................................... *passim*

*King Cnty. v. Rasmussen*,
    299 F.3d 1077 (9th Cir. 2002) ...............................................................................................8

*Kuhn v. Three Bell Cap.*,
    698 F.Supp.3d 1119 (N.D. Cal. 2023) .................................................................................11

*Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd.*,
    743 F.Supp.3d 1083 (D. Ariz. 2024) .....................................................................................3

*Lawson v. Klondex Mines Ltd.*,
    450 F.Supp.3d 1057 (D. Nev. 2020)....................................................................................18

*Lowthorp v. Mesa Air Grp. Inc.*,
    2021 WL 3089118 (D. Ariz. July 22, 2021) ........................................................................17

*Luo v. Spectrum Pharms., Inc.*,
    2024 WL 4443323 (D. Nev. Oct. 7, 2024) ....................................................................10, 18

*Maiman v. Talbott*,
    2010 WL 11421950 (C.D. Cal. Aug. 9, 2010)....................................................................17

*Marder v. Lopez*,
    450 F.3d 445 (9th Cir. 2006) .................................................................................................5

*Monec Holding AG v. Motorola Mobility, Inc.*,
    2014 WL 4402825 (D. Del. Sept. 5, 2014).........................................................................10

*Moussouris v. Microsoft Corp.*,
    2018 WL 3328418 (W.D. Wash. June 25, 2018), *aff'd*, 799 F. App'x 459 (9th
    Cir. 2019) ...............................................................................................................................10

*Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*,
    50 F.Supp.3d 1328 (C.D. Cal. 2014) .....................................................................................7

*Pirani v. Netflix, Inc.*,
    710 F.Supp.3d 756 (N.D. Cal. 2024) ...................................................................................15

*Pizzuto v. Homology Medicines, Inc.*,
    2024 WL 1436025 (D. Mass. Mar. 31, 2024)........................................................................14

*Poisson v. Aetna Life Ins. Co.*,
    488 F.Supp.3d 942 (C.D. Cal. 2020) .....................................................................................7

*Ramachandran v. City of Los Altos*,
    2024 WL 3642193 (N.D. Cal. Aug. 1, 2024) ........................................................................14

*Smeraldo v. City of Jamestown*,
    512 Fed. Appx. 32 (2d Cir. 2013)...........................................................................................9

*Smith v. Intel Corp.*,
    2025 WL 2381617 (N.D. Cal. Aug. 15, 2025) ........................................................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)..................................................................................................................5

*Think Vill.-Kiwi, LLC v. Adobe Sys., Inc.*,
    2009 WL 3837270 (N.D. Cal. Nov. 16, 2009) ......................................................................10

*U.S. v. Envtl. Def.*,
    2003 WL 22025025 (M.D.N.C. Aug. 26, 2003)....................................................................11

*Vassel v. Carson Helicopters, Inc.*,
    2014 WL 1912056 (E.D. Cal. May 13, 2014) .......................................................................12

*Wang v. Zymergen Inc.*,
    744 F.Supp.3d 995 (N.D. Cal. Aug. 14, 2024) .....................................................................14

**Rules**

Fed. R. Civ. P. 12 ................................................................................................... *passim*

Fed. R. Civ. P. 56...........................................................................................................5, 7

Fed. R. Evid. 201 ...........................................................................................................6, 7

v

vi

**Other Authorities**

Wright & Miller, 5C *Fed. Prac. & Proc. Civ.* § 1366 (3d ed. 2004)...............................................5

Lead Plaintiffs Carl Douglas Neale and David Wallentine (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in Opposition to Defendants' Request for Judicial Notice ("Request") (ECF No. 35), and cursory request for incorporation by reference of certain other exhibits attached to their Motion to Dismiss the Amended Complaint ("Motion") (ECF No. 34) and the related Declaration of B. Warren Pope ("Pope Decl.") (ECF No. 34-2).

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Perpetua Resources Corp. ("Perpetua" or the "Company"), Jonathan Cherry, and Jessica Largent (collectively, "Defendants") moved to dismiss the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") (ECF No. 31) for failure to state a claim. Along with their 25-page memorandum of law in support of thereof ("Memorandum" or "Def. Br.") (ECF No. 34-1), Defendants attach 24 exhibits, which include 21 pages of attorney-generated charts (*see* ECF Nos. 34-10 and 34-11 at 2-12) and roughly 160 pages of excerpts from certain Perpetua SEC filings, press releases, presentations, investor call transcripts, and a technical report, as well as, archival screenshots of the Company's website and an analyst report covering Perpetua (*see* ECF Nos. 34-3-9, 34-11 at 13-63, and 34- 12-19; *see also* Pope Decl. at 2-4).

Defendants ask the Court to consider Exhibits 1, 4, 6, 10, 11 and 16 on the basis that such materials are proper subjects of judicial notice (Request at 2), and contend (in a footnote) that other materials referenced in their Memorandum and attached to the Pope Declaration may be considered when deciding their Motion because they are incorporated by reference in the Complaint or subject to judicial notice (*see* Def. Br. at 2 n.1). Defendants make little to no effort to explain how each of these extrinsic materials satisfy the narrow exceptions for consideration without converting their Rule 12(b)(6) Motion into a motion for summary judgment nor do they

explain why these materials are essential to evaluating the sufficiency of the Complaint. For example, Defendants' submission of Exhibit 16 involves accepting not only the contents of the 2021 ModPRO2, but also Defendants' factual assertions about the form and manner in which they contend it was published—which even Exhibit 16 itself leaves unclear.

As an initial matter, the Ninth Circuit has repeatedly held that "[a]rguments raised only in footnotes … are generally deemed waived." *Estate of Saunders v. C.I.R.*, 745 F.3d 953, 962 n.8 (9th Cir. 2014); *City of Emeryville v. Robinson*, 621 F.3d 1251, 1262 n.10 (9th Cir. 2010) (deeming an issue waived where the party "fail[ed] to address the issue in its opening brief except in a footnote"). Accordingly, Defendants waived any argument they might have for consideration of these extrinsic materials under the incorporation by reference doctrine as the issue was presented merely as a footnoted afterthought, devoid of context or developed argument for each exhibit presented. *See, e.g.*, *In re Genius Brands Int'l, Inc. Sec. Litig.*, 763 F.Supp.3d 1027, 1048 (C.D. Cal. 2025) (deeming issue waived where "[t]he only argument Defendants offer … is a one sentence footnote" holding "[i]t is not the role of the Court to make parties' arguments for them") (citing *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003)); *Christina Alexandria C. v. Kijakazi*, 2022 WL 603032, at *1 (D. Idaho Mar. 1, 2022) (deeming "several other possible arguments" waived "by failing to assert them with specificity in the body of [the party's] brief" and only "alludes to" them in a footnote); *Khoja v. Orexigen Therapeutics, Inc.*, 498 F.Supp.3d 1296, 1309 (S.D. Cal. 2020) ("*Khoja II*") (declining to address argument raised exclusively in footnotes).

Notwithstanding, it is evident that Defendants' submission of hundreds of pages of extrinsic materials is nothing more than an improper attempt to introduce their own set of factual allegations and competing theories against the Complaint at the pleadings stage. By way of

2

example, it is well-established in this Circuit that a district court, in reviewing the sufficiency of a complaint under Rule 12(b)(6), may properly consider a document "in its entirety," *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014), without converting the motion into one for summary judgment, "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," in order to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("*Khoja I*"). Defendants here, however, do not submit these extrinsic materials merely to, for example, provide the surrounding content of a particular document extensively referred to in the Complaint. Rather, they use these materials to challenge or supplement Plaintiffs' allegations. Tellingly, Defendants provide only excerpted materials in a manner that best serves their improper factual disputes. *Compare* Ex. 9-1 *with* Ex. 1 (both presenting excerpted portions of the same SEC filing); *Compare* Ex. 9-3 *with* Ex. 13 (same); *Compare* Ex. 9-5 *with* Ex. 14 (same); *Compare* Ex. 9-6 *with* Ex. 7 (same); *Compare* Ex. 9-7 *with* Ex. 15 (same); *Compare* Ex. 9-2 *with* Ex. 10 (both presenting excerpted portions of the same investor presentation); *Compare* Ex. 9-4 *with* Ex. 11 (same).

Defendants' Request "is on par with this pattern of defendants burying district courts, at the earliest stage of litigation, in hundreds of pages of exhibits purportedly subject to judicial notice or incorporated by reference in the complaint but, indeed, better saved for a later stage of the case." *Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd.*, 743 F.Supp.3d 1083, 1095-96 (D. Ariz. 2024) (admonishing defendants for "using [their] request for judicial notice … as a backdoor avenue for introducing evidence of the facts themselves"); *see, e.g., Khoja I*, 899 F.3d at 999 ("Defendants face an alluring temptation to pile on numerous documents to their motions to

dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery."); *see also Hsu v. Puma Biotechnology, Inc.*, 213 F.Supp.3d 1275, 1281-82 (C.D. Cal. 2016) (describing "practical reality" of "inappropriate efforts by defendants" in securities cases to "expand courts' consideration of extrinsic evidence at the motion to dismiss stage," which "diminish the ability of wronged plaintiffs to get their constitutionally-protected day in court").

Worse yet, exhibits 8 and 9 (*e.g.*, Defendants' attorney-generated charts) are neither subject to incorporation by reference nor judicial notice. Rather, Defendants claim that these exhibits are attached for the Court's "convenience." Pope Decl. at 3. It is apparent, however, even upon a cursory review that Defendants' creation of and reliance on these charts is nothing more than an improper attempt to contravene the already expanded page limitations and present additional factual analyses and legal defenses outside the four corners of their Memorandum.

Accordingly, Defendants' Request should be summarily denied, or in the alternative, to the extent any extrinsic materials are deemed properly before the Court on a motion to dismiss, consideration extends only to the limited purview detailed further below.

## II.    LEGAL STANDARD

"[T]he purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to decide its merits." *Craig Frazier Design, Inc. v. Zimmerman Agency LLC*, 2010 WL 3790656, at *6 (N.D. Cal. Sep. 27, 2010). "Even under the [Private Securities Litigation] Reform Act, plaintiffs are only required to plead facts, not to produce admissible evidence." *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F.Supp.2d 1248, 1272 (N.D. Cal. 2000). As such,

4

"[g]enerally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

"When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56." *Khoja I*, 899 F.3d at 998 (quoting FED. R. CIV. P. 12(d)); *see also* Wright & Miller, 5C *Fed. Prac. & Proc. Civ.* § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.").

In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), the Supreme Court solidified two narrow exceptions to this rule noting, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* at 322. Importantly, even if extrinsic materials fall under one of these narrow exceptions, they must still be "relevant to the Court's analysis." *Smith v. Intel Corp.*, 2025 WL 2381617, at *3 (N.D. Cal. Aug. 15, 2025) (denying consideration of irrelevant public documents) (citing *Ramachandran v. City of Los Altos*, 2024 WL 3642193, at *5 (N.D. Cal. Aug. 1, 2024) ("[W]here a document is 'unnecessary' or irrelevant to a court's decision, the court need not take judicial notice.").

*First*, incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja I*, 899 F.3d at 1102. "[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* (quoting *U.S. v.*

5

*Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). When answering the question of how "extensive[]" the reference must be, the Ninth Circuit has held that "'the mere mention of the existence of a document is insufficient to incorporate the contents of a document.'" *Id.* (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). And incorporation of a document not explicitly referenced is limited to those "rare instances," *Khoja*, 899 F.3d at 1002, where "the complaint 'relies heavily upon its terms and effect' such that the [document] is integral to the complaint." *Coto*, 593 F.3d at 1038.

That said, incorporation remains improper "if the document merely creates a defense to the well-pled allegations in the complaint … [o]therwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Khoja I*, 899 F.3d at 1002. "For this same reason … it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint" as there is a "prohibition against resolving factual disputes at the pleading stage." *Id.* at 1003 (citing *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.") and *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942, n.1 (9th Cir. 2008) (finding it proper to consider disability benefits plan referenced in complaint, but declining to accept truth of the plan's contents where the parties disputed whether defendant actually implemented the plan according to its terms)).

*Second,* pursuant to Federal Rule of Evidence 201, a court is permitted to take judicial notice of an "adjudicative fact" that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

6

Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja I*, 899 F.3d at 999. "But [being generally known or] accuracy is only part of the inquiry under Rule 201(b)." *Id.*

As with consideration of materials deemed incorporated by reference, "the Court may take judicial notice of matters of public record, but it 'cannot take judicial notice of disputed facts contained in such public records.'" *Poisson v. Aetna Life Ins. Co.,* 488 F.Supp.3d 942, 945 (C.D. Cal. 2020) (quoting *Khoja I*, 899 F.3d at 999); *see also Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F.Supp.3d 1328, 1349, n.153 (C.D. Cal. 2014) ("The court takes judicial notice of the SEC filings only for their existence and contents, not for the truth of the information contained in them."); *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014) ("Under this standard, we could take notice only of the fact that Omnicare filed the Audit Committee Charter and what that filing said, but we could not consider the statements contained in the document for the truth of the matter asserted, even at the motion-to-dismiss stage.").

Aside from extrinsic materials that meet these limited exceptions, if the court considers documents or facts outside the four corners of the Complaint, it must convert the motion into a motion for summary judgment, and conversion is not appropriate unless the parties have had an opportunity to conduct reasonable discovery. *See* FED. R. CIV. P. 12(b), 12(d), 56; *see also Blake v. Canoo Inc.*, 2022 WL 22919489, at *1-*2 (C.D. Cal. July 19, 2022) (denying a Rule 12(b)(6) motion to dismiss "for referencing materials outside the pleadings … persuaded that it would be more appropriate to consider the arguments and documents (including Canoo's SEC filings) in the context of a motion for summary judgment").

7

### III.    ARGUMENT

Defendants have failed to establish how and why it would be appropriate for the Court to consider the copious amounts of extraneous material submitted when deciding their Motion to Dismiss. While these shortcomings alone warrant the Court's rejection of such materials, for the reasons set forth below, Exhibits 1, 4, 6, 8, 9, 9-1, 9-2, 9-4, 10, 11 and 16 are not properly before the Court, nor are these materials essential to evaluating the sufficiency of the Complaint, and any consideration of sufficiently incorporated or judicially noticeable materials deemed relevant and not subject to reasonable dispute, must be limited to the fact that they exist and not for the truth of their contents. To the extent that Defendants' extrinsic exhibits offer an alternative version of events, they cannot be credited to rebut the well-pled factual allegations in the Complaint.

**A.    Exhibits 8 and 9 Contain Improper Argument in Violation of the Page Limits**

Under the guise of convenience, Defendants submitted 21 pages of attorney-generated charts (*e.g.*, Exhibits 8 and 9) for the purpose of presenting additional factual analyses and legal defenses outside the Memorandum in violation of the page limitations set by the Court. *See* ECF No. 33 (granting leave to file excess pages and providing a direct order that "Defendants' opening brief in support of the anticipated motion to dismiss shall not exceed twenty-five (25) pages").

"Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss, however, if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1021 (C.D. Cal. 2015) (collecting cases). Moreover, "[a] party cannot put argument in an exhibit to evade [the] page limit." *Barnett v. Clark Cnty. Sch. Dist.*, 2023 WL 6048796, at *2 (D. Nev. Sept. 14, 2023); *see, e.g.*, *King Cnty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) (remarking that documents submitted with a motion "should not be used to make an end-

run around the page limitations … by including legal arguments outside of the briefs") (citing FED. R. CIV. P. 56(e)); *Hollander v. Am. Cyanamid Co*., 172 F.3d 192, 198 (2d Cir. 1999) (affirming district court's decision to strike inappropriate portions of an affidavit that "more resemble[d] an adversarial memorandum than a bona fide affidavit"); *accord Smeraldo v. City of Jamestown,* 512 Fed. Appx. 32, 34 (2d Cir. 2013); *Exec. Leasing Corp. v. Banco Popular de Puerto Rico,* 48 F.3d 66, 67 (1st Cir. 1995) (admonishing that "attorneys cannot circumvent" applicable page limits "by incorporating by reference" arguments made elsewhere, and that any argument they wish the court to consider, "must appear within the four corners of the brief").

Yet, that is precisely what Defendants attempt to do here. Defendants were afforded 25 pages to present their factual and legal basis as to why the Complaint failed to state a claim under Rule 12(b)(6). ECF No. 33. The 10-page chart submitted as Exhibit 8 contains an amalgamation of the false and misleading statements as alleged in the Complaint accompanied by a column on the right labeled "Basis for Dismissal," which contains bulleted reasons for why Defendants argue each statement is purportedly dismissible, including such legal reasons as "Plaintiffs fail to plead the falsity of the challenged statement with particularity," "the statement is a forward-looking statement protected under the PSLRA safe harbor," "the statement is a generalized statement of optimism or 'puffery,'" and/or "Plaintiffs fail to allege particularized facts giving rise to the required 'strong inference' of scienter." *See generally*, *id*. It defies credibility to claim that Exhibit 8 does not contain argument outside the confines of the Memorandum.

Similarly, the 11-page chart submitted as Exhibit 9 compiles certain false and misleading statements as alleged in the Complaint that Defendants label as "Forward-Looking Statement[s]" accompanied by a column on the right labeled "Identifying and Cautionary Language," which purportedly identifies risk disclosures relevant to Defendants' Motion, providing citations to other

9

extraneous materials submitted (*see generally*, *id.*). This is not a chart of "convenience" as Defendants suggest (*see* Pope Decl. at 3)—it is a blatant extension of Defendants' argument for dismissal of any claims brought against protected forward-looking statements.

As courts nationwide have recognized, such efforts to circumvent the Court's order and supplement their arguments in attorney-generated charts are inappropriate and Exhibits 8 and 9 should be disregarded. *See*, *e.g.*, *Luo v. Spectrum Pharms., Inc.*, 2024 WL 4443323, at *6 (D. Nev. Oct. 7, 2024) (striking securities fraud defendants' appendix including similar statement chart accompanied by column noting purported reasons for dismissal as "improper legal argument outside the court-approved page limit"); *In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) (striking exhibit for "presenting additional arguments against falsity … This is simply an extension of Defendants' argument and thus, Defendants' have exceeded the 25-page limit for their briefs."); *see also Moussouris v. Microsoft Corp.*, 2018 WL 3328418, at *10 (W.D. Wash. June 25, 2018), *aff'd*, 799 F. App'x 459 (9th Cir. 2019) (concluding "Plaintiffs' chart, while couched in factual assertions, contains significant argument regarding why several of Microsoft's assertions are erroneous" and "should be stricken as improper legal argument outside the court-approved page limit"); *Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017) (striking appendix highlighting defendants' contentions of pleadings defects); *Monec Holding AG v. Motorola Mobility, Inc.*, 2014 WL 4402825, at *1 (D. Del. Sept. 5, 2014) (striking a chart containing "only facts and citations" to other exhibits contained in the record finding it "comparable to the exhibits that were found to contain legal argument and improperly exceed the page limitations"); *Think Vill.-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 WL 3837270, at *7 (N.D. Cal. Nov. 16, 2009) (striking a chart "providing defense counsel's argument as to why [each disputed fact] does not amount to a material dispute"); *Davis v. Novastar Mortg.,*

10

*Inc.*, 408 F.Supp.2d 811, 816 (W.D. Mo. 2005) (disregarding defense counsel's declaration where it contained "characterizations of fact or opinions"); *U.S. v. Envtl. Def.*, 2003 WL 22025025, at \*1 (M.D.N.C. Aug. 26, 2003) (striking appendix consisting of "a twenty-three-page chart" finding it to be "an extension of the [party's] legal arguments in condensed form and must therefore comply with the page limitations" ); *Anderson v. Aurora Twp.*, 1997 WL 802099, at \*2 (N.D. Ill. Dec. 29, 1997) (striking addenda "styled as charts that offer defendants' substantive and evidentiary critique of plaintiffs' facts" finding such exhibits to be "legal argument in a condensed format. As such, they are an ill-concealed attempt to evade the 15 page limitation").

**B.     Exhibits 1, 4, 6, 9-1, 9-2, 9-4, 10, 11 and 16 Are Neither Incorporated by Reference in the Complaint nor Proper Subjects of Judicial Notice**

*First*, Exhibits 1, 4, 6, 9-1, 9-2, 9-4, 10, 11 and 16 are neither referred to extensively in the Complaint nor do these materials form the basis of Plaintiffs' claims. Notably absent from Defendants' bareboned presentation of these Exhibits to the Court is any mention of the Complaint's reference to or reliance on these materials. *Compare* Pope Decl. at ¶¶ 3, 6, 8, 12-13, 18 *with* ¶¶ 4-5, 7, 9, 14-17, 19. Accordingly, any consideration of these materials under the doctrine of incorporation by reference would be improper. *See Khoja I*, 899 F.3d at 1006 (SEC filings, not extensively referenced in the complaint, not subject to incorporation by reference); *Kuhn v. Three Bell Cap.*, 698 F.Supp.3d 1119, 1123 (N.D. Cal. 2023) (declining to consider public documents "neither extensively referenced in the complaint nor central to resolving [plaintiff's] claims" finding "their incorporation is not required to assess the sufficiency of the claims pleaded in [the] complaint").

*Second*, Defendants make the blanket assertion that the entirety of the excerpted materials submitted as Exhibits 1, 4, 6, 10, 11 and 16 (and seemingly make the same for Exhibits 9-1, 9-2 and 9-4) are subject to judicial notice because these materials "were either filed with the SEC or

11

were made available to Perpetua's investors and the public." Request at 2. Notably, Defendants' Request fails to "clearly specify what fact or facts" are to be judicially noticed from the voluminous materials contained in these Exhibits. *Khoja I*, 899 F.3d at 999 (remarking that "[a] [district] court must [] consider – and identify – which fact or facts it is noticing"); *see also Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d 31, 36 (1st Cir. 2005) (finding district court "amply justified" in refusing judicial notice where, *inter alia*, the party "made no attempt to specify what 'adjudicable facts' met the requirements of [Rule] 201").

As such, judicial notice of these Exhibits, as requested, should be denied "[b]ecause defendants do not identify which facts within each exhibit they want the court to judicially notice." *Blake*, 2022 WL 22919489, at *1 (declining notice where "defendants simply request that the court take judicial notice of the documents in their entirety"); *Capaci v. Sports Research Corp.,* 445 F.Supp.3d 607, 617 (C.D. Cal. Mar. 26, 2020) (same); *see, e.g.*, *Felipe v. Playstudios Inc.,* 2024 WL 1380802, at *6 (D. Nev. Mar. 31, 2024) (denying judicial notice of SEC filings because "[a]lthough these exhibits are 'matters of public record,' Defendants do not identify which fact or facts they seek to have the Court notice"); *see also Vassel v. Carson Helicopters, Inc.*, 2014 WL 1912056, *3-*4 (E.D. Cal. May 13, 2014) (declining consideration of extrinsic materials where the party "provides no argument or legal authority to show the facts contained in a press release and mere excerpts of public records are proper subjects of judicial notice"); *Kasilingam v. Tilray, Inc.,* 2024 WL 4350118, at *1 (S.D.N.Y. Sept. 30, 2024) (declining to conduct similar request for "full context review" of documents incorporated by reference and purportedly subject to judicial notice, "including transcripts of [company]'s earnings calls, various published SEC documents, and several news articles.").

12

*Notwithstanding*, these materials are not proper subjects of judicial notice. While Plaintiffs do not dispute that Exhibits 1, 4 and 9-1 include excerpts of SEC filings, such documents are irrelevant to the matters at hand because these filings were issued outside of the Class Period. The Class Period runs between April 17, 2024 and February 13, 2025, both dates inclusive. *See* Complaint at ¶ 1. The excerpts of Perpetua's FY 2023 Form 10-K (*i.e.*, Exhibits 1 and 9-1) were filed with the SEC on March 26, 2024; and the excerpts of its Form 8-K, submitted as Exhibit 4, were filed with the SEC on September 22, 2025. *See* Pope Decl. at 2. As such, these pre- and post-Class Period materials are not properly before the Court at the motion to dismiss stage as they are irrelevant to the Court's analysis of the Complaint. *See, e.g.*, *Ferreira v. Funko Inc.,* 2021 WL 8820650, at *11 (C.D. Cal. Oct. 22, 2021) (declining judicial notice of company's Form 10-K "as it was issued outside the Class Period, it was not relevant to the Court's analysis"); *Hall v. Johnson & Johnson*, 2019 WL 7207491, at *10 (D.N.J. Dec. 27, 2019) (declining judicial notice of public records issued after the class period finding "it arguably ha[d] minimal relevance to the claims at issue"); *In re PTC Therapeutics, Inc. Sec. Litig.*, 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017) (same); *Belodoff v. Netlist, Inc.*, 2008 WL 2356699, at *4 (C.D. Cal. May 30, 2008) (same); *In re CV Therapeutics, Inc.*, 2004 WL 1753251, at *12 (N.D. Cal. Aug. 5, 2004) (declining to take judicial notice of "two press releases outside the class period [that] are not referenced in the complaint").

Defendants' request for judicial notice of Exhibits 9-2 and 10 (*e.g.*, excerpts of Perpetua's April 17, 2024 investor presentation) and Exhibits 9-4 and 11 (*e.g.*, excerpts of Perpetua's May 16, 2024 investor presentation) is likewise improper. In support of their Request, Defendants contend that these materials "are written presentations that accompanied and were referenced in the oral remarks made during the investor calls that Plaintiffs incorporate and extensively rely on

13

in their Amended Complaint." Request at 2. Notably absent from the Complaint, however, is any reference to or reliance on the extrinsic materials presented as Exhibits 9-2, 9-4, 10 and 11. Accordingly, while these Exhibits may include publicly available materials, they are "unnecessary or irrelevant" to the Court's decision, and therefore, are not proper subjects of judicial notice. *Ramachandran*, 2024 WL 3642193, at *5; *see Pizzuto v. Homology Medicines, Inc.*, 2024 WL 1436025, at *2 (D. Mass. Mar. 31, 2024) (rejecting argument for consideration of investor call transcript and accompanying written presentation despite the complaint's reference to a press release and a separate written presentation issued on the same day).

Moreover, Defendants' Motion reveals that their requested notice is not limited to the existence these documents but for the truth of the information contained therein – and form part of fact-dependent arguments that cannot be resolved on a motion to dismiss. *See Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."); *see also In re BioVie Inc. Sec. Litig.*, 2025 WL 947667, at *7 (D. Nev. Mar. 27, 2025) (noticing public documents filed with SEC or readily available on defendant's website but declining to "judicially notice the truth of any statements therein to resolve factual disputes" recognizing "the risk that Defendants may cherry-pick public statements supporting their position, without referencing public materials which run counter to their arguments"); *Wang v. Zymergen Inc.*, 744 F.Supp.3d 995, 1006 (N.D. Cal. Aug. 14, 2024) (noticing documents filed with the SEC under the condition that "[t]his judicial notice is limited to the existence of these filings and does not extend to the accuracy of their contents").

For example, while Exhibit 6 presents excerpts from an SEC filing, these materials are not properly before the Court as they serve only to provide Defendants' ***competing*** presentation of the

14

facts. *See Pirani v. Netflix, Inc.*, 710 F.Supp.3d 756, 767 (N.D. Cal. 2024) (declining to consider SEC filings where "[t]hese documents serve only to provide background and do not form the basis of any claim").

Likewise, Defendants request judicial notice of Exhibit 16, which they claim presents "a screenshot of a publicly available digital archive of Perpetua's website as of January 23, 2022" (Request at 2), to support a premature truth-on-the-market defense to Plaintiffs' falsity allegations. *See* Def. Br. at 17-18. These "facts," however, are subject to reasonable dispute. *See Khoja I*, 899 F.3d at 1000 (remarking "[i]t is improper to judicially notice a [document] when the substance of the [document] is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes").

A cursory review of Exhibit 16 reveals, first, that the archival screenshot dated January 23, 2022, captures one page of a Company update on the Project from December 2021, which makes no mention of the 2021 ModPRO2, submitted in October 2021. *See* ECF No. 34-18 at 4. Next, Exhibit 16 includes an archival screenshot of Perpetua's "Technical Project Documents" webpage, dated January 17, 2022, with a subheading "2021 Refined Alternative 2 (ModPRO2)" and provides a link to a document labeled "Refined Alternative 2," but it is unclear from these materials if the referenced document is a link to the ModPRO2 accepted for review in July 2021 or the updated version of the ModPRO2 submitted in October 2021. *See id.* at 2.

Lastly, Exhibit 16 provides an archival screenshot of Perpetua's webpage content uploads, dated June 24, 2022, showing the title page of the Company's ModPRO2, dated October 2021. *See id.* at 3. Contrary to Defendants' representations, however, this not does not establish if or when these materials were made widely available to investors nor does it support their contention that "Perpetua contemporaneously posted the 2021 ModPRO2 on its website." Def. Br. at 18, n.

15

14. Rather, Defendants' argument about the timing and scope of the dissemination of the 2021 ModPRO2 "is, at best, an inference drawn from disputed facts contained within the [document] and, accordingly, is not appropriately subject to judicial notice." *Cederberg v. Washington Cnty. Consol. Commc'ns Agency,* 2019 WL 2929505, at *6 (D. Or. July 8, 2019) (declining notice of transcript submitted for the truth of its contents and inferences drawn from them to dispute allegations in the complaint); *see also Cottle v. Plaid Inc.,* 536 F. Supp. 3d 461, 477 (N.D. Cal. 2021) (declining judicial notice of public documents "[g]iven disputes about the meaning and relevance of these materials"); *In re Apple Inc. Sec. Litig.*, 678 F.Supp.3d 1147, 1153 (N.D. Cal. 2023) (declining judicial notice of news article that defendants claimed "disproves [CEO's] intent to defraud shareholders"); *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *1 (C.D. Cal. Apr. 15, 2020) (denying judicial notice of documents defendants were using to create a defense to the well-pled allegations in the complaint). The basis for judicial notice here is even weaker because it entails not only the assessment of "disputed facts contained within the" document, *Cederberg,* 2019 WL 2929505, at *6, but also the acceptance of Defendants' contextual assertions about the form and manner in which the document itself was published.

In sum, Exhibits 1, 4, 6, 9-1, 9-2, 9-4, 10, 11 and 16 do not fall within any of the limited expectations for consideration at this stage, and therefore should be disregarded.

**C.      Consideration of Exhibits 2, 3, 5, 7, 9-3, 9-5, 9-6, 9-7, 12, 13, 14, 15 and 17, *If Any*, is Limited to their Existence and Not for the Truth of their Contents**

According to the Pope Declaration, Exhibits 2, 3, 5, 7, 12, 13, 14, 15 and 17 are properly before the Court because these materials are "incorporated by reference and extensively relied upon in the [Complaint]." Pope Decl. at 2-4. Importantly, "[t]o qualify as 'extensively referenced,' the complaint must cite the document at least more than once or quote from it at length; merely mentioning the existence of a document is insufficient." *Callen v. Resonant Inc*., 709 F.Supp.3d

16

1021, 1025 (C.D. Cal. 2023) (citing *Khoja I*, 899 F.3d at 1002); *cf. Davis v. HSBC Bank NV, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) (noting "the district court … is not required to incorporate documents by reference").

Without waiving their general objections to form and insufficiency of the request, Plaintiffs acknowledge that the Complaint refers to or otherwise relies upon some version of the documents excerpted and submitted as Exhibits 2, 3, 5, 7, 9-3, 9-5, 9-6, 9-7, 12, 13, 14, 15 and 17, many of which are Perpetua's Class Period SEC filings. That said, to the extent the Court is inclined to grant Defendants' request for incorporation by reference and/or judicial notice of these exhibits, or any other, consideration is limited to "the existence of a document, 'not … the truth of the matters asserted therein.'" *Advanced BioTech, LLC v. BioWorld USA, Inc.,* 2020 WL 5797929, at *3 (E.D. Cal. Sept. 29, 2020) (quoting *Color Switch LLC v. Fortafy Games DMCC,* 377 F. Supp.3d 1075, 1089, n.6 (E.D. Cal. 2019)).

As discussed above, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint;" otherwise, "defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Khoja I*, 899 F.3d at 1002-03 (citing *In re Tracht Gut, LLC*, 836 F.3d at 1150 and *Sgro*, 532 F.3d at 942, n.1 (declining to accept truth of the plan's contents where the parties disputed whether defendant actually implemented the plan according to its terms)). "This is particularly true of public documents filed with the [SEC] in a securities fraud action—since the truth of the contents of the SEC reports is typically central to the dispute." *Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010); *see also Lowthorp v. Mesa Air Grp. Inc.*, 2021 WL 3089118, at *5 (D. Ariz. July 22, 2021) (taking judicial notice of the fact "that there was an investor call" and that the speakers made the statements included in the transcript," but "not

17

tak[ing] judicial notice of the substance of the statements because those facts may be subject to reasonable dispute").

Defendants' Memorandum reveals that their requested consideration is not limited to the existence and contents of these documents, but is sought for the truth of such statements and facts asserted therein to challenge or supplement Plaintiffs' allegations. Tellingly, Defendants rely heavily on these materials to present their own version of the facts. *See* Def. Br. at 2-6. Consequently, consideration of these exhibits, or any others, for the purpose of resolving factual disputes against the well-pled allegations in the Complaint or to support Defendants' contradictory version of events is improper. *See*, *e.g.*, *Felipe*, 2024 WL 1380802, at *6 (incorporating by reference exhibits "quoted or relied on extensively within the AC or forms a necessary basis of the complaint. However, the Court will not consider the documents to resolve factual disputes against the well-pled allegations in the complaint."); *Spectrum*, 2024 WL 4443323, at *4 (same); *see also Lawson v. Klondex Mines Ltd.,* 450 F.Supp.3d 1057, 1071 (D. Nev. 2020) (taking judicial notice of press release incorporated by reference in the complaint under the condition that it "cannot assume the truth of the contents of the press release because Lawson's First Amended Complaint alleges that it contains false or misleading statements.").

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny consideration of all Defendants' extrinsic materials in deciding their Motion to Dismiss. In the alternative, Plaintiffs respectfully request that Exhibits 1, 4, 6, 9-1, 9-2, 9-4, 10, 11 and 16 be disregarded as documents that are neither incorporated by reference nor proper subjects of judicial notice and Exhibits 8 and 9 be disregarded as presenting additional factual information and legal argument outside the Memorandum in violation of the page limitations set by the Court. Further, to the extent

18

the Court is inclined to consider any of the exhibits submitted by Defendants, Plaintiffs request that the Court do so only to the extent of noting their existence and contents, not for the truth of the matters asserted therein in relation to the well-pled allegations in the Complaint.

DATED: November 14, 2025

/s/ Jaren Wieland
MOONEY WIELAND WARREN
Jaren Wieland, ISB 8265
512 W. Idaho Street, Suite 103
Boise, Idaho 83702
Tel.: (208) 401-9219
Email: Jaren.wieland.service@mooneywieland.com

*Liaison Counsel for Plaintiff Carl Douglas Neale*

POMERANTZ LLP
Michael Grunfeld (*admitted pro hac vice*)
Rupita Chakraborty (*admitted pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: mgrunfeld@pomlaw.com
Email: rchakraborty@pomlaw.com

LEVI & KORSINSKY, LLP
Adam M. Apton
(*admitted pro hac vice*)
Devyn R. Glass
(*pro hac vice application forthcoming*)
33 Whitehall Street, 27th Floor
New York, New York 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com
Email: dglass@zlk.com

*Co-Lead Counsel for Plaintiffs and the Class*

RAMSDEN, MARFICE, EALY & DE SMET, LLP
Marcus E. Johnson, ISB 10350

19

700 Northwest Blvd.
P.O. Box 1336
Coeur d'Alene, ID 83816-1336
Tel.: (208) 664-5818
Facsimile: (208) 664-5884
Email: mjohnson@rmedlaw.com

*Additional Liaison Counsel for Plaintiff David Wallentine*

THE SCHALL LAW FIRM
Brian Schall
(*pro hac vice* application forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Plaintiff David Wallentine*

20

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2025, I served a true and correct copy of the foregoing on the following counsel of record via the United States District Court for the District of Idaho's CM/ECF system:

| | |
|---|---|
| Narisa Abhasakun<br>Benjamin Warren Pope<br>KING & SPALDING<br>nabhasakun@kslaw.com<br>wpope@kslaw.com<br><br>*Attorneys for Perpetua Resources Corp.* | Jeffrey S. Beelaert<br>Preston N Carter<br>Morgan D Goodin<br>GIVENS PURSLEY LLP<br>jbeelaert@givenspursley.com<br>prestoncarter@givenspursley.com<br>morgangoodin@givenspursley.com<br><br>*Attorneys for Perpetua Resources Corp.* |

         */s/ Jaren Wieland*

21