Jeffrey S. Beelaert, ISB No. 12384
Preston N. Carter, ISB No. 8462
Morgan D. Goodin, ISB No. 11184
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, Idaho 83701-2720
Telephone: (208) 388-1200
Fax: (208) 388-1300
jbeelaert@givenspursley.com
prestoncarter@givenspursley.com
morgangoodin@givenspursley.com

B. Warren Pope (Admitted *Pro Hac Vice*)
KING & SPALDING LLP
1180 Peachtree Street, Ne, Suite 1600
Atlanta, Ga 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com

Jared Lax (Admitted *Pro Hac Vice*)
KING & SPALDING LLP
1401 Lawrence Street, Ste 1900
Denver, Colorado 80202
Telephone: (720) 535-2320
Fax: (720) 535-2400
jlax@kslaw.com

Narisa Abhasakun (Admitted *Pro Hac Vice*)
KING & SPALDING LLP
50 California Street
San Francisco, California 94111
Telephone: (415) 318-1282
Fax: (415) 318-1300
nabhasakun@kslaw.com

*Attorneys For Defendants*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANCISCO BARNES, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PERPETUA RESOURCES CORP., JONATHAN CHERRY, and JESSICA LARGENT, <br><br> Defendants. | Case No. 1:25-cv-00160-DKG <br><br> **DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE [DKT. NO. 35]** |

## INTRODUCTION

Plaintiffs' "Opposition to Defendants' Request for Judicial Notice" (ECF 37) ("RJN Opposition") is a misnomer because it challenges numerous exhibits for which Defendants did *not* seek judicial notice. *Compare* ECF 35 *with* RJN Opp'n at 16–18. Indeed, Plaintiffs concede, as they must, that the majority of the exhibits attached to Defendants' Motion to Dismiss (ECF 34-1)—Exhibits 2, 3, 5, 7, 9-3, 9-5, 9-6, 9-7, 12, 13, 14, 15, and 17 (the "Incorporated Exhibits")— are referred to or relied on in the Amended Complaint. RJN Opp'n at 17. As such, they are properly before the Court under the incorporation by reference doctrine.[1]

The exhibits that *are* the subject of Defendants' Request for Judicial Notice (ECF 35) ("RJN")—Exhibits 1, 4, 6, 9-1, 9-2, 9-4, 10, 11, and 16—are proper subjects of judicial notice. *See generally* ECF 35. All but one of these exhibits are either filings made with the U.S. Securities and Exchange Commission ("SEC") or other public investor materials, which the Ninth Circuit has recognized fall squarely within the judicial notice doctrine. *See*, *e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008). Notably, the Private Securities Litigation Reform Act of 1995 directs that the Court **shall consider** not only the challenged statements (as set forth in the Incorporated Exhibits), but also "any cautionary statement accompanying the forward-looking statement" on a motion to dismiss. 15 U.S.C. § 75u-5(e). That is precisely what Exhibits 1, 9-1, 9-2, 9-4, 10, and 11 reflect. Defendants' RJN should be granted.

## ARGUMENT

**I.     The Incorporated Exhibits Are Properly Before the Court.**

The Pope Declaration (ECF 34-2) clearly identifies the Incorporated Exhibits. *See also*

---

[1] There can be no dispute that Plaintiffs both (1) refer to the documents comprising these exhibits extensively; and (2) that they form the basis of Plaintiffs' claims. Most of these exhibits are the SEC filings and investor call transcripts that contain the challenged statements that Plaintiffs claim violated the federal securities laws. *Compare*, *e.g.*, AC ¶ 136 *with* Ex. 5 at 10.

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

ECF 34-1 at 2 n.1. Plaintiffs concede that they refer to or rely on the Incorporated Exhibits but still argue they should be disregarded altogether or limited somehow. *See* RJN Opp'n at 16–18. As noted above, this argument fails. *See In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Sept. 28, 2020) (noting that "[a] document may be incorporated by reference into a complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim'" and "'***[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents***'") (citations omitted) (emphasis added). Therefore, Plaintiffs' suggestion that the Incorporated Exhibits should be disregarded or limited to their existence is without merit.

## II.    The Court Can Take Judicial Notice Of Exhibits 1, 9-1, 9-2, 9-4, 10, And 11 (The "FLS Exhibits") For Purposes Of Assessing The PSLRA Safe Harbor.

The FLS Exhibits are either SEC filings or public investor presentations that accompanied the Company's earnings calls. Such documents are proper subjects of judicial notice.[2] *See*, *e.g.*, *Hadian v. Fate Therapeutics, Inc.*, 2024 WL 4246083, at *11 (S.D. Cal. Sept. 19, 2024) ("securities offerings and corporate disclosure documents that are publicly available" and "SEC forms such as a Form 8-K or Form 10-K are matters of public record and may be subject to judicial notice") (citations and internal quotation marks omitted).[3]

Defendants submitted the FLS Exhibits to support their contention that the challenged

---

[2] Exhibits 1 and 9-1 are both incorporated by reference in the Amended Complaint and proper subjects of judicial notice. *See infra* at 5.

[3] For the Court's reference, (1) Exhibit 1 and Exhibit 9-1 are the same document (March 26, 2024 Form 10-K); (2) Exhibit 9-2 and Exhibit 10 are the same document (April 17, 2024 Investor Presentation); and (3) Exhibit 9-4 and Exhibit 11 are the same document (May 16, 2024 Annual Meeting Presentation). Defendants appended the documents at issue to Exhibit 9 for the convenience of the Court because they were cited in the accompanying FLS chart.

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

statements are protected from liability by the PSLRA safe harbor. *See* ECF 34-1 at 7–11. In order to evaluate the safe harbor, the Court must consider whether the challenged forward-looking statements were accompanied by meaningful cautionary language. *See* 15 U.S.C. § 75u-5(e) ("the court ***shall consider*** any statement cited in the complaint ***and any cautionary statement accompanying the forward-looking statement***" on a motion to dismiss) (emphasis added). Unsurprisingly, Plaintiffs do not include the cautionary language accompanying the challenged forward-looking statements in their Amended Complaint because it would demonstrate that the Amended Complaint must be dismissed. But Plaintiffs cannot avoid application of the PSLRA safe harbor simply by omitting the cautionary language.[4]

As another Circuit has explained, "[t]aking judicial notice of relevant SEC filings at the motion to dismiss stage is . . . consistent with the overall aim of the Reform Act—curbing abusive securities litigation." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278–79 (11th Cir. 1999) Because "[a]n important component of achieving this goal was structuring the legislation to permit the dismissal of frivolous cases at the earliest feasible stage of the litigation, thereby reducing the cost to the company, and by derivation, to its shareholders, in defending a baseless action," "a cautionary statement must be considered by the court even though it was not itself included in the complaint." *Id.*; *see also In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 503 n.14 (E.D. Pa. 2018), *aff'd sub nom. Spizzirri v. Zyla Life Scis.*, 802 F. App'x 738 (3d Cir. 2020) ("The Court may consider the cautionary language contained in these documents . . . .").[5]

---

[4] Otherwise, no court would be able to grant a motion to dismiss based on application of the PSLRA safe harbor. Because Plaintiffs do not include the cautionary language, it is up to Defendants to bring that language to the attention of the Court and to the Court to consider it, all of which is proper on a motion to dismiss, consistent with 15 U.S.C. § 75u-5(e).

[5] Plaintiffs contend that Exhibits 9-2, 9-4, 10, and 11 are not referenced in the Amended Complaint and, thus, are "'unnecessary or irrelevant' to the [C]ourt's decision." RJN Opp'n at 14. But Plaintiffs ignore that these documents are (1) investor presentations that accompanied the

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

Courts in the Ninth Circuit are in accord, holding, even post-*Khoja*, that "[o]n any motion to dismiss based [on the safe harbor of the PSLRA], the court shall consider any statement cited in the complaint and any cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant." *Lopes v. Fitbit, Inc.*, 2020 WL 1465932, at *2 (N.D. Cal. Mar. 23, 2020), *aff'd*, 848 F. App'x 278 (9th Cir. 2021) (citing 15 U.S.C. § 78u-5(e)). Where "a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim." *Id.* (citation omitted); *see also Farhar v. Ontrak, Inc.*, 714 F. Supp. 3d 1198, 1207 (C.D. Cal. 2024) (judicially noticing investor call transcripts "as to the sections containing cautionary language relating to forward-looking statements"); *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *8 (N.D. Cal. Mar. 31, 2023), *aff'd*, 2024 WL 1693340 (9th Cir. Apr. 19, 2024) (granting request for judicial notice and noting that documents that "contain[] cautionary language referenced by . . . statements which [the plaintiffs] challenge . . . are relevant to the Court's analysis of whether safe harbor protections apply").

Plaintiffs contend in conclusory fashion (and without citation) that "Defendants' Motion reveals that their requested notice is not limited to the existence of these documents but for the truth of the information contained therein." RJN Opp'n at 14. This is inaccurate. Rather, consistent with the authority cited above, Defendants merely ask the Court to take judicial notice of the FLS Exhibits not for the truth of the disclosures contained therein, but rather solely to determine that the risk disclosures were "filed and provided certain information to the public." *Fate Therapeutics*,

---

Company's earnings calls that are specifically referenced in the Amended Complaint (*see* AC ¶¶ 134–39, 143–44; *see also* Ex. 5 (ECF 34-7) at 4 (specifically referencing "cautionary language on Slides 2 and 3"); Ex. 12 (ECF 34-14) at 8 (specifically referencing "disclaimer on next couple of slides")); and (2) include certain of the cautionary language that is relevant to the Court's consideration of the PSLRA safe harbor.

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

2024 WL 4246083, at *11. While Plaintiffs may contend that Perpetua's risk disclosures were inadequate, that goes to the merits of Defendants' Motion to Dismiss, not whether judicial notice is proper.

Finally, Plaintiffs specifically object to Exhibits 1 and 9-1 (the March 26, 2024 Form 10-K) because it was issued outside the Class Period. *See* RJN Opp'n at 13. But Plaintiffs' contention that the Form 10-K is "irrelevant" because it was issued before the Class Period is misleading. As Plaintiffs know, Perpetua incorporated the Form 10-K by reference into numerous SEC filings and earnings calls that *were issued or occurred during the Class Period*, including in SEC filings quoted and relied upon in the Amended Complaint. *See*, *e.g.*, Exhibit 7 (cited at AC ¶¶ 148–50) at 2 ("Factors that could have a material adverse effect on our business, financial condition, results of operations and growth prospects can be found in . . . our Annual Report on Form 10-K for the year ended December 31, 2023); Ex. 13 (cited at AC ¶¶ 140–41) at 2 (same); Ex. 14 (cited at AC ¶¶ 145–47) at 2 (same); Ex. 15 (cited at AC ¶¶ 151–52) at S-v (similar).[6] Accordingly, the Form 10-K's cautionary language is both (1) incorporated by reference in the Amended Complaint; and (2) subject to judicial notice and thus properly part of the motion to dismiss.

## III.    Exhibits 4 And 6 Are SEC Filings That Are Proper Subjects Of Judicial Notice.

Exhibits 4 and 6 are SEC filings and, as such, are proper subjects of judicial notice. *See*, *e.g.*, *Fate Therapeutics*, 2024 WL 4246083, at *11. Plaintiffs argue that the Court should disregard Exhibit 4 because it was issued outside of the Class Period. *See* RJN Opp'n at 13. But Defendants offer Exhibit 4 merely to show that Perpetua disclosed that it had received conditional Notice to Proceed from the USFS. *See* ECF 34-1 at 4. Even though this Form 8-K was issued outside of the

---

[6] Such incorporation by reference of the Form 10-K's cautionary language was entirely appropriate. *See*, *e.g.*, *Jaszczyszyn v. SunPower Corp.*, 2024 WL 3463348, at *11 (N.D. Cal. July 17, 2024).

Class Period, the Court may "take limited judicial notice of [its] existence and the fact that" Defendants announced that the Project may begin construction because this "fact[] [is] not subject to reasonable dispute because [it is] clear solely from the existence of the [Form 8-K], without requiring the Court to evaluate the accuracy of [its] contents." *In re Biovie Inc. Sec. Litig.*, 2025 WL 947667, at *7 (D. Nev. Mar. 27, 2025).

With regard to Exhibit 6, Plaintiffs argue that it "serve[s] only to provide Defendants' competing presentation of facts." RJN Opp'n at 14–15. Again, not so. Defendants merely offer Exhibit 6—a Form 8-K filed with the SEC—so the Court can evaluate Plaintiffs' conclusory allegations in context. That is, Defendants offer Exhibit 6 for the limited purpose of showing that Defendants disclosed that Perpetua had received funding to advance the construction readiness and permitting processes for the Project. *See* ECF 34-1 at 5. That is perfectly appropriate, and Plaintiffs do not and cannot dispute those facts. *See Fate Therapeutics*, 2024 WL 4246083, at *11.

## IV.     Exhibit 16 Is Subject To Judicial Notice.

Exhibit 16 is an archival screenshot reflecting information that was available to Perpetua's investors as of January 23, 2022. The Court may take judicial notice of Exhibit 16. *See Fate Therapeutics*, 2024 WL 4246083, at *11; *see also UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017) ("[C]ourts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[.]").[7]

---

[7] Plaintiffs make passing reference to the potential conversion of the motion to dismiss into a motion for summary judgment. *See* RJN Opp'n at 1. But it is well-established that the Court may consider documents incorporated into the complaint by reference and matters of which a court may take judicial notice without converting the motion to dismiss into a motion for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

**V.    The Court May Consider Exhibits 8 And 9.**

Plaintiffs argue that the Court should not consider the charts comprising Exhibits 8 and 9 because they were presented "for the purpose of presenting additional factual analyses and legal defenses outside the Memorandum in violation of the page limitations set by the Court." Opp'n at 8. Plaintiffs' arguments are misguided. To survive a motion to dismiss, a complaint must withstand an exacting statement-by-statement analysis. *See*, *e.g.*, *Eventbrite*, 2020 WL 2042078, at \*10 n.5 ("[T]he [c]ourt must do a statement-by-statement analysis."); *Fleming v. Impax Labs. Inc.*, 2018 WL 4616291, at \*5 (N.D. Cal. Sept. 7, 2018) (citing cases standing for the proposition that there is a "need for clear statement-by-statement analysis in cases of securities fraud"). Exhibits 8 and 9 are charts summarizing the arguments set forth in Defendants' Motion to Dismiss in an easily digestible format and are designed to aid the Court in its "statement-by-statement" analysis of Plaintiffs' claims. Moreover, Plaintiffs cannot—and do not—dispute that the challenged statements reflected on Exhibits 8 and 9 are incorporated by reference in the Amended Complaint. *See*, *e.g.*, ECF 34-2 at ¶¶ 10–11; *compare*, *e.g.*, Ex. 8 at 1 *with* AC ¶ 134.

Plaintiffs' main challenge to Exhibits 8 and 9 is that they "contain argument outside the confines of the Memorandum." RJN Opp'n at 9. But Plaintiffs fail to point to even a single instance where Exhibits 8 and 9 contain any "additional argument" not otherwise contained in Defendants' Motion to Dismiss. Even a cursory review of Exhibit 8 reveals that it is nothing more than a *summary* chart containing: (1) each of Defendants' statements challenged in the Amended Complaint; (2) the relevant citation to the Amended Complaint; (3) the SEC filing that includes the challenged statement(s); and (4) citation to the relevant portions of Defendants' Motion to Dismiss. *See generally* Ex. 8. Exhibit 9 similarly identifies (1) each of Defendants' statements challenged in the Amended Complaint that fall within the PSLRA safe harbor; (2) the relevant citations to the Amended Complaint; (3) the SEC filing that includes the challenged

7

forward-looking statement(s); and (4) the language that identified the statement(s) as forward-looking and accompanying cautionary language. *See generally* Ex. 9. They were submitted solely as organizational aids for purposes of assisting the Court, not for the sake of making new arguments.

Summary charts of this type are common in securities class action cases given that plaintiffs frequently submit lengthy complaints challenging multiple statements made over a period of months or years. Courts frequently accept such summary charts, particularly when the chart provides "organizational work that the Court would otherwise have to take upon itself[.]" *See*, *e.g.*, *Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*, 2011 WL 1303387, at *9 (N.D. Ill. 2011) (citation omitted) (denying motion to strike chart setting forth "the alleged misrepresentation . . . the corresponding paragraph number in the complaint . . . [and] a short description of why the statement is inactionable . . . along with a reference to the relevant portion of Defendants' memorandum"); *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 53 (D.D.C. 2006), *aff'd*, 530 F.3d 980 (D.C. Cir. 2008) (denying motion to strike similar chart and noting it did "not present any information or argument that is not contained in [the briefing]," was "the same argument . . . presented in a different manner," was "organizational work that the Court would otherwise have to take upon itself," and did "not appear to have been an attempt by [the defendant] to evade any of th[e] [c]ourt's rules").

Courts in the Ninth Circuit are no different. *See*, *e.g.*, *Chicago & Vicinity Laborers' Dist. Council Pension Fund v. Amplitude, Inc.*, 2024 WL 4375775, at *3 (N.D. Cal. Oct. 2, 2024) ("Because the chart contains no new argument not present in the motion to dismiss, the motion to strike is denied."); *Anderson v. Peregrine Pharms., Inc.*, 2013 WL 4780059, at *4 (C.D. Cal. Aug. 23, 2013) (denying the plaintiff's motion to strike similar exhibits); *DeMarco v. DepoTech Corp.*,

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

149 F. Supp. 2d 1212, 1218 (S.D. Cal. 2001) ("The [c]ourt may consider the chart [listing various risk disclosures contained in the defendants' SEC filings] because it is simply a collection of quotations from documents the [c]ourt may independently consider . . . ."). Indeed, courts within the Ninth Circuit have even taken the affirmative step of requesting that parties to securities fraud class actions like this one submit such summary charts. For example, the court in *Purple Mountain Trust v. Wells Fargo & Co.* "called for plaintiff to file a chart summarizing its allegations on a statement-by-statement basis." 432 F. Supp. 3d 1095, 1099 (N.D. Cal. 2020) (noting that "[t]his is the [c]ourt's standard practice"). There is nothing improper about Exhibits 8 and 9.[8]

Finally, it is unclear precisely what relief Plaintiffs seek with respect to the statement charts comprising Exhibits 8 and 9. *See* RJN Opp'n at 18–19 (asking the Court to "disregard[]" Exhibits 8 and 9). As noted, Defendants did not ask the Court to take judicial notice of the charts themselves. *See generally* ECF 35. And Plaintiffs have not filed a motion to strike Exhibits 8 and 9, as they could have done, and instead improperly challenged them as part of their RJN Opposition. Because Exhibits 8 and 9 are merely summary aids intended to assist the Court with its statement-by-statement analysis of the Amended Complaint, Defendants respectfully suggest that the Court may consider Exhibits 8 and 9 in connection with Defendants' Motion to Dismiss. But, to be clear, the Court need not consider the charts in order to grant dismissal.

## VI.    Defendants Did Not "Waive" Their Request For Judicial Notice Of The Identified Exhibits.

Defendants have not waived their request for judicial notice. *See* RJN Opp'n at 2. This is

---

[8] The cases cited by Plaintiffs are inapposite. In *Luo v. Spectrum Pharms., Inc.*, the court declined to take judicial notice of forms completed by the defendants purporting to show details regarding their stock transactions. 2024 WL 4443323, at **5–6 (D. Nev. Oct. 7, 2024). In *Moussouris v. Microsoft Corp.*, the chart addressed factual issues not raised in the defendants' reply brief and included references to deposition testimony. 2018 WL 3328418, at *10 (W.D. Wash. June 25, 2018). In *Davis v. NovaStar Mortgage, Inc.*, the exhibit at issue was an attorney declaration providing his "unsupported opinion." 408 F. Supp. 2d 811, 816 (W.D. Mo. 2005).

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

not a case where "[t]he only argument Defendants offer on the issue . . . is a . . . footnote." *In re Genius Brands Int'l, Inc. Sec. Litig.*, 763 F. Supp. 3d 1027, 1048 (C.D. Cal. 2025); *Khoja v. Orexigen Therapeutics, Inc.*, 498 F. Supp. 3d 1296, 1309 n.4 (S.D. Cal. 2020) ("The Court declines to address this argument, which was not fully briefed by the Parties.") (emphasis added). As the Ninth Circuit has made clear, "[t]here is no bright-line rule to determine whether a matter has been properly raised," but "[a] workable standard . . . is that the argument must be raised sufficiently for the trial court to rule on it." *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989).

Here, Defendants' RJN is the subject of an entire motion and memorandum in support thereof (in addition to Defendants' Motion to Dismiss and declaration in support thereof) that included extensive case law citations, *see generally* ECF 35, and to which Plaintiffs filed a nearly 20-page opposition brief. *See generally* ECF 37. Notwithstanding Plaintiffs' total failure to address the RJN in their waiver argument, it cannot be contended that Defendants' request for judicial notice was not raised sufficiently for the trial court to rule on it. *See Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, 2021 WL 3264271, at *11 (D. Idaho July 30, 2021) ("'[A] cursory mention of an issue in a footnote *with-out citation to legal authority* is insufficient . . . .'") (citation omitted) (emphasis added).[9]

## **CONCLUSION**

Defendants respectfully request that their Request for Judicial Notice be granted.

---

[9] To the extent either party has "waived" an argument, it is Plaintiffs, who ask the Court in their RJN Opposition to "disregard" the Incorporated Exhibits that were not part of Defendants' RJN, but rather were submitted via the Pope Declaration (ECF 34-2) under the separate incorporation by reference doctrine. If Plaintiffs wished to block the Court's consideration of the Incorporated Exhibits, they should have separately moved to strike them.

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

Respectfully submitted, this 16th day of December, 2025.

**GIVENS PURSLEY LLP**

*/s/ Preston N. Carter*
Jeffrey S. Beelaert
Preston N. Carter
Morgan D. Goodin
601 West Bannock Street
P.O. Box 2720
Boise, Idaho 83702
Telephone: (208) 388-1218

**KING & SPALDING LLP**

Jared Lax (Admitted *Pro Hac Vice*)
1401 Lawrence Street
Unit 1900
Denver, Colorado 80202
Telephone: (720) 535-2300
Facsimile: (720) 535-2400
jlax@kslaw.com

**KING & SPALDING LLP**

B. Warren Pope (Admitted *Pro Hac Vice*)
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
wpope@kslaw.com

Narisa Abhasakun (Admitted *Pro Hac Vice*)
50 California Street
San Francisco, California 94111
Telephone: (415) 969-0253
Facsimile: (415) 318-1300
nabhasakun@kslaw.com

*COUNSEL FOR DEFENDANTS PERPETUA RESOURCES CORP., JONATHAN CHERRY, AND JESSICA LARGENT*

11

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE